IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| Team Express Distributing, LLC | § | |
| | § | Case No. 15-53044 |
| Debtor. | § | |

LIQUIDATION TRUSTEE'S MOTION TO DISALLOW
AND EXPUNGE UNCLAIMED DISTRIBUTIONS

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN 14 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

TO THE HONORABLE CRAIG A. GARGOTTA, UNITED STATES BANKRUPTCY JUDGE:

William R. Patterson, in his capacity as the Liquidation Trustee (the "**Trustee**") for the Team Express Liquidation Trust (the "**Liquidation Trust**"), files this *Motion to Disallow and Expunge Unclaimed Distributions* (the "**Motion**"). Pursuant to the Plan, the Trustee made distributions to holders of allowed claims. The distributions identified on the attached **Exhibit A** were either uncashed or returned to the Trustee as undeliverable (the "**Unclaimed Distributions**"). The Trustee undertook due diligence to locate the intended recipients of the returned distributions, but the claimants were unable to be located. Pursuant to the Plan, claims on account of the Unclaimed Distributions are disallowed, and the Unclaimed Distributions revert to the Liquidation Trust for reallocation to remaining holders of allowed claims. The Trustee seeks entry of an order enforcing the Plan's terms to disallow and to expunge the Unclaimed Distributions from the claims register so the Trustee may

further effectuate administration of the Liquidation Trust and distribute the Unclaimed Distributions among remaining claim holders. In support of this Motion, the Trustee respectfully states as follows:

## I. Procedural Background and History

1. On December 16, 2015, Team Express Distributing, LLC (the "**Debtor**") filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code, initiating the Chapter 11 Case.

2. On December 4, 2016, the Debtor and the Committee filed their Joint Chapter 11 Plan of Liquidation for Team Express Distributing, LLC. [Docket No. 334]. That plan was later amended from time to time, and submitted in final form on April 24, 2017, as the *Second Amended Joint Chapter 11 Plan of Liquidation for Team Express Distributing LLC* (the "**Plan**") [Docket No. 451]. The Plan was confirmed by the Court's entry of its *Order Confirming Second Amended Joint Chapter 11 Plan of Liquidation for Team Express Distributing, LLC* (the "**Confirmation Order**") on May 24, 2017 [Docket No. 470]. The Plan became effective on July 6, 2017.

3. The Plan provides, among other things, for the creation of the Liquidation Trust and empowers the Trustee, on behalf of the Liquidation Trust, to (i) make all distributions contemplated under the Plan, (ii) supervise and administer the resolution, settlement and payment of allowed claims and the distributions to the holders of allowed claims and the Debtor, and (iii) hold any unclaimed distribution or payment to the holder of an Allowed Claim in accordance with the Plan. [Docket No. 451 at ¶¶ 8.10; 8.12.1; 8.12.4; 8.12.12].

4. The Liquidation Trust was created in accordance with the confirmed Plan, the Confirmation Order and the Team Express Liquidation Trust Agreement (the "**Trust Agreement**"). Pursuant to the Trust Agreement at Sections 1.2, 4.1(g) and 4.1(w)[1], the Trustee has standing to expunge claims from the Claims Registry.

---

[1] Section 1.2 authorizes the Trustee to take any and all actions necessary to conserve, preserve and maximize assets of the Estate. Section 4.1(g) authorizes the Trustee to participate in, and prosecute, if deemed necessary, any legal proceeding, in Bankruptcy Court or otherwise, to litigate and resolve any claim. Finally, Section 4.1(w) authorizes the

## II. Uncashed and Undeliverable Distributions are Disallowed

5.   The Trustee made various distributions that were either uncashed or returned as undeliverable. As further discussed herein, claims on account of these distributions are disallowed, and the holders of such claims are barred from further pursing such claims. As part of the claims reconciliation process, the Trustee seeks entry of an order disallowing and expunging such claims.

6.   Pursuant to Article 9.1 of the Plan, the Trustee made distributions to holders of allowed claims and equity interests by mail at:

(a)   the address of each such holder as set forth (i) on the proofs of claim filed by such holders or (ii) in the Debtor's records;

(b)   the address set forth in any written notice of address change filed with the Bankruptcy Court and delivered to the Debtor and the Liquidation Trustee in writing after the date of any related proof of claim;

(c)   the address reflected in the Schedules, if no proof of claim is filed and the Debtor has not received a written notice of address change; or

(d)   the address delivered by any claimant to the Liquidation Trustee within sixty (60) days after the Effective Date.

7.   The distributions identified on **Exhibit A** were either uncashed or returned as undeliverable.

8.   The Trustee was not required to issue further distributions to recipients of the undeliverable distributions unless notified of the applicable claimant's proper forwarding addresses within 90 days of mailing the attempted distribution. [*Id.* at ¶ 9.1]. The Trustee did not receive updated forwarding addresses within the applicable 90-day periods.

---

Trustee to exercise all powers and duties deemed necessary to carry out the purposes of the Bankruptcy Code in protecting the interests of the Estate, equity holders and creditors.

9. Despite having no requirement under the Plan to do so, the Trustee undertook, as a courtesy, due diligence to locate the claimants of the undeliverable Distributions, including:

(a) Researching the addresses of the outstanding checks from information from the United States Postal Service;

(b) Reissuing certain checks where a different address was included in either the proof of claim, Schedules, Notice of Change of Address, or the creditor's submitted plan ballot; and

(c) Conducting further research, include reviewing W-9s that were submitted, to see if the claimant included a different address or if a different phone number or email address was included in the proof of claim.

10. Article 9.2 of the Plan governs treatment of undeliverable distributions and uncashed checks, and provides that:

> Unclaimed Distributions shall be held in the Reserve for the benefit of the potential Claimants. All claims for undeliverable Distributions must be made by the ninetieth (90th) day following the date on which delivery the Distribution was initially mailed. The Claim on which an undelivered or unclaimed Distribution was made shall be treated as a Disputed Claim until such 90-day period has passed, and if no party contacts the Liquidation Trustee in writing to seek payment of such Claim within the 90-day period, then such Claim shall be treated as Disallowed in full by Final Order of the Bankruptcy Court. After expiration of the 90-day period, all unclaimed Distributions will revert to the Liquidation Trust for deposit into the Available Cash fund to be reallocated and distributed to the Holders of Allowed Claims and Equity Interests, and the Claim of any Holder with respect to such an unclaimed Distribution will be released and forever barred. Checks issued in respect of Allowed Claims will be null and void if not negotiated within ninety (90) days after the date of issuance thereof, and such Holder will forfeit its right to such Distribution. In no event shall any funds escheat to the State of Texas.

[*Id.* at ¶ 9.2].

11. In accordance with Article 9.2 of the Plan, the returned and uncashed distributions were held in reserve for the benefit of the claimants. [*Id.*]. During this period, no parties contracted

the Liquidation Trustee regarding reissuance of the undeliverable Distributions. The checks that were delivered or not returned were not negotiated within the 90-day period following their issuance.

12. Accordingly, the claims on account of the Unclaimed Distributions are disallowed in full, and holders of such claims are barred from pursuing the claims. [*Id.*]. Recipients of non-negotiated checks have forfeited their rights to such distributions. [*Id.*].

13. Because the claims on account of the Unclaimed Distributions are disallowed pursuant to the Plan, the Trustee seeks entry of an order formally disallowing and expunging the disallowed claims from the claims register.

## CONCLUSION

Wherefore, the Trustee respectfully requests that the Court enter the proposed order attached as **Exhibit B**, expunging the claims on account of Unclaimed Distributions and granting such other and further relief to which the Trustee is justly entitled.

DATED: June 15, 2021

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Joseph M. Coleman*
**Joseph M. Coleman**
State Bar No. 04566100
**Russell Hale Neilson**
State Bar No. 24116820

Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 777-4200
Telecopier: (214) 777-4299
E-mail: jcoleman@krcl.com
E-mail: hneilson@krcl.com

**Counsel for William R. Patterson,
Trustee of the Liquidation Trust**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 15, 2021, a true and correct copy of the foregoing Motion was filed with the Court and served via the Court's electronic case filing system (ECF) upon parties receiving such service in this bankruptcy case.

/s/ *Joseph M. Coleman*
Joseph M. Coleman

# **EXHIBIT A**

# **Claims to be Expunged**

## Exhibit A

### List of Distributions for Which Prior Checks/Mailings were Returned, Undeliverable, or Still Outstanding

| Creditor | Creditor Address | Distribution Amount | Check No. |
|---|---|---|---|
| ACTION SPORTS GEAR | PO Box 441493 Houston, TX 77244 USA | $ 210.76 | 3198 |
| ADAMS USA SCHUTT SPORTS | 1200 E UNION AVE LITCHFIELD, IL 62056 USA | $ 150.06 | 3004 |
| ARAMARK REFRESHMENT SERVICES | 1665 TOWNHURST SUITE 160, HOUSTON, TX 77043 USA | $ 25.85 | 3017 |
| BRAIN-PAD INC. | 322 FAYETTE ST, CONSHOHOCKEN, PA 19428 USA | $ 34.68 | 3033 |
| CERTEGY CHECK SERVICES, INC. | FIS Attn: Shari Davis, Corp AR601 Riverside Avenue, Jacksonville, FL 33201 USA | $ 192.26 | 3203 |
| CLEARVIEW SYSTEMS, INC. | 4855 L.B. MCLEOD RD, ORLANDO, FL 32811 USA | $ 3,048.98 | 3040 |
| CLUB K - CO., INC. | 12630 OLD HICKORY BLVDANTIOCH, TN 37013 USA | $ 611.33 | 3041 |
| DJO CONSUMER, LLC (DONJOY) | 1325 SYCAMORE AVE, SUITE B, VISTA, CA 92081 USA | $ 103.50 | 3054 |
| EILAN | 17101 LA CANTERA PARKWAY, SAN ANTONIO, TX 78256 USA | $ 537.87 | 3058 |
| EMKA, INC | 1411 S LARAMIE AVE, CICERO, IL 60804 USA | $ 280.31 | 3059 |
| GAME MASTER | 1624 DOLWICK RD, ERLANGER, KY 41018 USA | $ 4,222.98 | 3070 |

| | | | |
|---|---|---|---|
| GAME SIGNS | 26500 AGOURA RD, STE 102-540, CALABASAS, CA 91302 USA | $ 69.25 | 3071 |
| GARED SPORTS, INC. | 707 N 2ND ST, STE 220, SAINT LOUIS, MO 63102 USA | $ 173.98 | 3073 |
| GORILLA GOLD | 325 7TH AVE, LEWISTON, ID 83501 USA | $ 15.01 | 3077 |
| GRAY GRAPHICS | 501 SOLEDAD, SAN ANTONIO, TX 78205 USA | $ 127.91 | 3079 |
| HALO SPORTS - SAFETY INC. | 9 PHAIR ST, GLOVERSVILLE, NY 12078 USA | $ 38.61 | 3081 |
| LEVEL 3 COMMUNICATIONS | C/O GLOBAL CROSSING CONFERENCING, PO BOX 790407 SAINT LOUIS, MO 63179-0407 USA | $ 42.76 | 3096 |
| MATERA PAPER COMPANY | PO BOX 200184, SAN ANTONIO, TX 78220 USA | $ 184.55 | 3104 |
| MAXX SUNGLASSES | 738 SYNTHES AVE, MONUMENT, CO 80132 USA | $ 74.89 | 3106 |
| MOGO SPORT, LLC | 11 GRUMMAN HILL RD, WILTON, CT 6897 USA | $ 8.07 | 3110 |
| MORETZ SPORTS 12895 | 74 8TH ST SE, HICKORY, NC 28602-1130 USA | $ 3,290.45 | 3112 |
| MUELLER SPORTS MEDICINE | ONE QUENCH DR., PRAIRIE DU SAC, WI 53578 USA | $ 48.36 | 3114 |
| NEW ERA CAP | PO BOX 208, DERBY, NY 14047 USA | $ 78.30 | 3117 |
| OPTIMA LIFE JAPAN, INC. (PHITEN) | 980 KNOX ST, TORRANCE, CA 90502 USA | $ 109.85 | 3123 |

| | | | | |
|---|---|---|---|---|
| PAYMENTECH, LLC | ATTN: LAZONIA CLARK, 14221 DALLAS PARKWAY, BUILDING II, DALLAS, TX 75254-2942 USA | $ | 0.23 | 3130 |
| R B I REPETITIVE BATTING | 445 E CARMEL ST, STE B, SAN MARCOS, CA 92078 USA | $ | 156.24 | 3139 |
| RECALL SECURE DESTRUCTION SRVS | PO BOX 841709, DALLAS, TX 75284 USA | $ | 53.03 | 3142 |
| RED LABEL ACCESSORIES | 15510 Olive Blvd, Ste 207, Chesterfield, MO 63017 USA | $ | 318.40 | 3215 |
| SHRED-IT USA LLC | 11311 CORNELL PARK DRIVE, SUITE 125, BLUE ASH, OH 45242 USA | $ | 40.76 | 3153 |
| SIGMAX AMERICA, INC | DBA ZAMST5 CORPORATE PARKIRVINE, CA 92606 USA | $ | 40.71 | 3154 |
| SLEEFS, LLC | 4960 SW 52 ST, BAY #426, DAVIE, FL 33314 USA | $ | 38.89 | 3155 |
| SLING PITCHER, INC | 10105 CLAUDIA ST, BOISE, ID 83714 USA | $ | 107.80 | 3156 |
| SOUTHERN SPORT, INC | 7095 HACKS CROSS RD # 134, OLIVE BRANCH, MS 38654 USA | $ | 5.21 | 3159 |
| SPINTECH, INC. | 603 FATHERLAND ST, NASHVILLE, TN 37206 USA | $ | 280.19 | 3161 |
| SPORTS SENSORS | 11351 EMBASSY DR, CINCINNATI, OH 45240 USA | $ | 19.10 | 3163 |
| STITCHMAKER | 208 INDUSTRIAL CT, WYLIE, TX 75098 USA | $ | 630.98 | 3166 |
| TEAM MARKETPLACE | PO BOX 384, CARLINVILLE, IL 62626 USA | $ | 48.61 | 3169 |

| | | | |
|---|---|---|---|
| TUFF TOE, INC. | 1442 W COLLINS AVE, ORANGE, CA 92867 USA | $ 88.02 | 3179 |
| VICTOR LANDIN | 1541 BRIARWYCK DR, BROWNSVILLE, TX 78520 USA | $ 96.66 | 3187 |
| ZEPP LABS, INC | 20 S. SANTA CRUZ AVE, #102, LOS GATOS, CA 95030 USA | $ 1,648.87 | 3197 |

# **EXHIBIT B**

# **Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **In re:** | § | Chapter 11 |
| | § | |
| **Team Express Distributing, LLC** | § | Case No. 15-53044 (CAG) |
| | § | |
| **Debtor.** | § | |

## ORDER GRANTING LIQUIDATION TRUSTEE'S MOTION
## TO DISALLOW AND EXPUNGE UNCLAIMED DISTRIBUTIONS

Came on for Consideration the *Liquidation Trustee's Motion to Disallow and Expunge Unclaimed Distributions* [Dkt. #__] (the "**Motion**")[2] filed by William R. Patterson, as trustee Team Express Distributing, LLC Liquidation Trust (the "**Trustee**" of the "**Liquidation Trust**"), seeking expungement of Unclaimed Distributions from the claims register. Having reviewed the Motion, and it appearing that this Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C, §§ 1408 and 1409; and due and proper notice having been provided to all parties in interest entitled to same; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the creditors thereof and all parties in interest; and the legal and factual bases set forth in the Motion establishing just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**;

---

[2] Capitalized terms not defined herein shall have the meanings provided in the Motion unless otherwise noted.

2. The claims on account of the distributions identified in **Exhibit A** to the Motion are hereby null, void, disallowed, and expunged completely from the claim registry of the Court and Trust;

3. The Trustee shall have no further obligations whatsoever related to such Unclaimed Distributions;

4. The Trustee is authorized to distribute the Unclaimed Distributions to remaining holders of claims and interests in accordance with the Plan; and

5. This Court retains jurisdiction to hear and determine all matters arising from or related to this Order.

### ###END OF ORDER###

**Prepared By**:

/s/ Joseph M. Coleman
Joseph M. Coleman (TX Bar No. 04566100)
Russell Hale Neilson (TX Bar No. 24116820)
**Kane Russell Coleman Logan PC**
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
E-mail: jcoleman@krcl.com
E-mail: hneilson@krcl.com

**Counsel for William R. Patterson,
Trustee of the Liquidation Trust**